1   **WO**

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                         **FOR THE DISTRICT OF ARIZONA**

8

9   Neil and Yvonne Phillips, Husband and    )    No. CV10-2459-PHX-DGC
    Wife,                                     )
10                                            )    **ORDER**
                   Plaintiffs,                )
11                                            )
    vs.                                       )
12                                            )
    Mortgage Electronic Registration          )
13  Systems, Inc.; and Deutsche Bank          )
    National Trust Company, as Trustee        )
14  under the pooling and service agreement,  )
    dated as of February 1, 2007, GSAMP       )
15  Trust 2007-FM2,                           )
                                              )
16                 Defendants.                )
                                              )
17  _____  )

18       On September 21, 2006, Plaintiffs refinanced their home located in Surprise, Arizona.

19  Plaintiffs borrowed $150,000.00 from Fremont Investment & Loan Corporation ("Fremont").

20  Fremont provided Plaintiffs with an adjustable rate mortgage with a maximum interest rate

21  of 12.541%. Mortgage Electronic Registration Systems, Inc. ("MERS") was the beneficiary

22  on the deed of trust. When Fremont went bankrupt, Deutsche Bank National Trust ("Deutsche

23  Bank") purchased Plaintiffs' loan.

24       A few years later, Plaintiffs began having difficulty making their mortgage payments.

25  In July 2009, Defendants sent Plaintiffs a letter stating that they would initiate foreclosure

26  proceedings on or after September 11, 2009 if payment was not received. On December 10,

27  2009, Plaintiffs filed a complaint for declaratory and injunctive relief to stop the foreclosure

28  of their property. Doc. 1, *Phillips v. Fremont Investment Loan*, No. 09-2585-GMS (D. Ariz.,

1  2009).  Plaintiffs voluntarily dismissed that action on June 18, 2010. Doc. 50, *Id.*

2  Plaintiffs filed this action on August 17, 2010.  The complaint contains four counts:

3  intentional misrepresentation, consumer fraud, accounting, and quiet title.

4  Defendants have filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal

5  Rules of Civil Procedure.  Doc. 4.  The motion is fully briefed.  Docs. 8, 9.  For reasons

6  stated below, the motion will be granted.[1]

7  **I.     Counts One and Two: Intentional Misrepresentation and Consumer Fraud.**

8  While it is generally true that dismissal on statute of limitations grounds should not be

9  granted on a Rule 12(b)(6) motion, it may be granted where the untimeliness of the claim is

10  apparent on the face of the complaint.  *Jablan v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th

11  Cir. 1980).   The face of the complaint in this case makes clear that the intentional

12  misrepresentation and consumer fraud claims are barred by the applicable statutes of

13  limitations.

14  A claim for intentional  misrepresentation must be brought within three years after the

15  statute of limitations begins to run.   A.R.S. § 12-543.   The statute of limitations for

16  intentional misrepresentation begins to run "when the plaintiff knew or by reasonable

17  diligence should have known of the misrepresentation."  *Bank of the W. v. Estate of Leo*, 231

18  F.R.D. 386, 390 (2005); *see also Coronado Dev. Corp. v. Super. Court,* 139 Ariz. 350, 352,

19  678 P.2d 535, 537 (App. 1984).

20  A claim brought under the Arizona Consumer Fraud Act, A.R.S. § 44-1522, must be

21  brought within one year after the statute of limitations begins to run.  *See* A.R.S. §12-541 (5)

22  2003.  The statute of limitations begins to run "when the defrauded party discovers or with

23  reasonable diligence could have discovered the fraud." *Alaface v. Nat'l Inv. Co.,* 181 Ariz.

24  586, 892 P.2d 1375, 1379 (App. 1994) (quoting *Mister Donut of Am., Inc. V. Harris,* 150

25  Ariz. 321, 723 P.2d 670, 672 (1986)).

26

27  [1]Plaintiffs' request for oral argument is denied because the issues have been fully
briefed and oral argument will not aid the Court's decision.  *See* Fed. R. Civ. P. 78(b);
28  *Partridge v. Reich,* 141 F.3d 920,926 (9th Cir. 1998).

1    Plaintiffs signed the loan documents on September 21, 2006.  The three-year statute of

2 limitations period for the intentional misrepresentation claim therefore expired on September

3 22, 2009.  The one-year statute of limitations period for the consumer fraud claim expired

4 on September 22, 2007.  Plaintiffs did not bring their intentional misrepresentation and

5 consumer fraud claims until June of 2010, long after both periods expired.

6    Plaintiffs contend that the statute of limitations did not begin running until April 16,

7 2010 when they received a forensic review of their loan documents.  Doc. 1-1 at 7, ¶ 40.

8 They state that they "were in no position to discover the aforementioned concealed and/or

9 false information until a forensic review of their loan documents was conducted," and the

10 statute of limitations therefore did not begin running when they signed the loan documents

11 on September 21, 2006.  *Id.*  Plaintiffs later specifically allege, however, that "the defects

12 are on the face of the loan documents and documents are missing that indicate that

13 concealment has taken place."  Doc. 1-1 at 8, ¶ 41.  Because Plaintiffs admit that the alleged

14 concealment was apparent from the face of the loan documents, they reasonably should have

15 known of the alleged misrepresentation and fraud on September 21, 2006.  Therefore, the

16 statute of limitations period began running on that date and has expired for both claims.

17 Count one and count two will be dismissed as time barred.

18 **II.   Count Three: Accounting.**

19    "The burden of showing that an accounting is necessary is on the party requesting the

20 accounting."  *Assoc. Fin. Co. v. Walters*, 12 Ariz. App. 369, 375, 470 P.2d 689.  Defendants

21 correctly argue that Plaintiffs have failed to establish any status relationship between the

22 parties that would justify an accounting.  Further, accounting is an equitable remedy and

23 Plaintiffs have not proved any independent legal claim against MERS or Deutsche Bank.

24 Because the counts on which this claim depends – counts one and two – have been dismissed,

25 count three will also be dismissed for failure to state a claim upon which relief can be

26 granted.

27 **III.   Count Four: Quiet Title.**

28    Plaintiffs argue that the defendants MERS and Deutsche Bank have no standing to

1  claim a valid interest in their property.  Doc. 1-1 at 11, ¶ 58.  Additionally, Plaintiffs argue

2  that Deutsche Bank "has failed to provide or record a valid assignment of either the

3  promissory note or deed of trust."  Doc. 1-1 at 12, ¶ 58.  This "show me the note" argument

4  has been uniformly rejected by Arizona district courts.  *See Dumesnil v. Bank of Am.*, N.A.,

5  No. 10-0243, 2010 WL 1408889 (D. Ariz., 2010) (citing cases).  Therefore, count four will

6  also be dismissed for failure to state a claim upon which relief can be granted.

7  **IV.  Leave to Amend.**

8      Plaintiffs request leave to amend to cure any deficiencies in the complaint.  Doc. 8 at

9  11.  The Court recognizes that leave to amend should be freely given when justice so

10  requires.  Fed. R. Civ. P. 15(a)(2).  It is clear from the face of the amended complaint,

11  however, that Plaintiffs' claims for intentional misrepresentation and consumer fraud are time

12  barred.  Plaintiffs have not shown, and it does not otherwise appear to the Court, that any

13  amendment could change that fact.  Additionally, as explained above, the accounting claim

14  is not an independent cause of action, and relies on counts one and two, which are time

15  barred.  Finally, the "show me the note" claim has been universally rejected by Arizona

16  district courts and cannot be cured through amendment.  The Court will therefore deny leave

17  to amend as futile.  See *Leadsinger, Inc. V. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir.

18  2008) (affirming denial of leave to amend where the complaint could not be saved by any

19  amendment); *Ahlmeyer v. Nev. Sys. of Higher Educ.*, 555 F.3d 1051, 1055 (9th Cir. 2009)

20  ("futility of amendment alone can justify denial of a motion [to amend]").[2]

21  **IT IS ORDERED:**

22  1.    The motion to dismiss the amended complaint filed by Defendants Mortgage

23        Electronic Registration Systems, Inc. and Deutsche Bank National Trust

24        Company (Doc. 4) is **granted**.

25  2.    Plaintiffs' request for leave to amend is **denied**.

26

27      [2]Defendants' request for an award of fees and costs based on the dismissal of this
    action is denied without prejudice.  Defendants may file a proper request for attorney's fees
28  pursuant to Local Rule of Civil Procedure 54.2.

- 4 -

1    3.    The Clerk is directed to enter judgment accordingly.

2    DATED this 8th day of February, 2011.

_David G. Campbell_
David G. Campbell
United States District Judge